UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Doyle BURTON,<br><br>    Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO,<br><br>    Respondent. | Case No.: 16-cv-2321-LAB-AGS<br><br>**REPORT AND RECOMMENDATION TO DENY A WRIT OF HABEAS CORPUS** |

Petitioner Steven Burton claims that his state conviction arose from an illegal warrantless search. At the time of his arrest, however, Burton was subject to a "Fourth Amendment Waiver" probation condition that allowed warrantless searches. But Burton argues that this "Fourth Waiver" condition was merely a clerical error in his conviction paperwork. He is wrong. At least, he has not offered any evidence that would undermine the unambiguous court record. Since Burton's entire argument is built upon this unsupported factual foundation, his habeas petition must fail.

## BACKGROUND

In 2013, Burton was convicted of assault with a deadly weapon and reckless driving, and was sentenced to one day of custody and three years of probation. (ECF No. 8-3, at 8.) His probationary sentence included a "Fourth Amendment Waiver," which required Burton to submit to a search of his "person, vehicle, place of residence, property, [and] personal

1

effects . . . at any time with or without a warrant, and with or without reasonable cause, when required by a Probation Officer or other law enforcement officer[.]" (*Id.*) Burton never appealed his conviction, sentence, or probationary conditions (*see* ECF No. 8-4, at 1), but he now claims that the assault conviction and the Fourth Waiver condition were both clerical errors.

Several months after the assault conviction, police officers began investigating Burton based on a tip that he was selling cocaine base.[1] (ECF No. 1, at 25.) An officer personally observed Burton engage in two apparent hand-to-hand drug transactions. Shortly after the second one, that officer and several others—who were all aware of Burton's Fourth Waiver condition—detained him and conducted a probation search. (*Id.*; ECF No. 8-3, at 10, 12, 14-15.) They discovered a plastic bag of cocaine base squeezed between his butt cheeks. (ECF No. 1, at 27-28.) Later, Burton pleaded guilty to possession of cocaine base for sale and was sentenced to four years in county jail, with one year suspended. (ECF No. 8-4, at 1; ECF No. 8-5, at 11.)

As to this latter conviction, Burton filed a habeas petition in California state court, raising the same arguments he asserts here. That is, he claims that: (1) the warrantless search violated his Fourth Amendment rights because he was not in fact subject to a Fourth Waiver condition, and (2) his attorney coerced him into pleading guilty by incorrectly informing him that he had a prior conviction for assault with a deadly weapon, with a Fourth Waiver condition. The California courts denied Burton's collateral attack (ECF Nos. 8-4, 8-6), and so he now turns to the federal courts for relief.

## DISCUSSION

**A. Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act, this Court may not disturb a state court's conviction unless petitioner shows that it was the result of "a decision that

---

[1] All the facts surrounding Burton's search and arrest are taken from the law enforcement reports that Burton attached to his habeas petition. The Court provides these facts as background, but does not rely on them for any legal conclusions.

2

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "A state court's decision can involve an 'unreasonable application' of Federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Hernandez v. Small*, 282 F.3d 1132, 1142 (9th Cir. 2002). The AEDPA's provisions "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown*, 551 U.S. 1, 10 (2007).

## B. The Alleged Clerical Errors: Fourth Waiver and Assault Conviction

All of Burton's habeas arguments hinge on his claim that his 2013 conviction documents contain two crucial clerical errors: a Fourth Waiver condition and a conviction for assault with a deadly weapon. He swears that this conviction was only for reckless driving, which he believes would not normally include a Fourth Waiver condition.

But the court documents themselves do not suggest that these entries were in error. For example, Burton's misdemeanor judgment reflects that on November 12, 2013, he was placed on a "Fourth Amendment Waiver" for his three-year probationary term, and his criminal history report likewise shows that for this same case he was on a "Fourth Waiver" that expired on November 11, 2016. (*Compare* ECF No. 1, at 23, *with id*. at 32.) The misdemeanor judgment reflects two counts of conviction: Count 1 is for California Penal Code § 245(a)(1) (assault with a deadly weapon), and Count 4 is for California Vehicle Code § 23103(a) (reckless driving). (ECF No. 1, at 23.) The criminal history report also reflects two convictions in this case: misdemeanor "PC245(a)(1)" and "CT.4 WET RECKLESS." (ECF No. 1, at 32.)

In the face of this clear record, Burton provides no evidence whatsoever to support his clerical-error theory. No plea agreement. No plea hearing transcript. No dismissal order. Nothing. Thus, this Court must conclude that the conviction documents are accurate. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall

3

be presumed to be correct," unless the habeas petitioner rebuts "the presumption of correctness by clear and convincing evidence."); *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 403 (2001) (holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."); *cf. United States v. Allen*, 153 F.3d 1037, 1041 (9th Cir. 1998) ("To overcome the presumption [of regularity] and bar the use of a prior conviction for sentence enhancement, the defendant must make an affirmative showing that the prior conviction is invalid." (alterations and quotation marks omitted)).

Because Burton's criticisms of his search and his attorney's performance are based entirely on his "clerical error" claim—which has no merit—his habeas petition should be denied. As a result, the Court need not address the State's various procedural defenses.

## C. No Need for an Evidentiary Hearing

"A habeas petitioner is entitled to an evidentiary hearing if: (1) the allegations in his petition would, if proved, entitle him to relief; and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." *Phillips v. Woodford,* 267 F.3d 966, 973 (9th Cir. 2001) (emphasis omitted). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007). As previously noted, the record refutes Burton's factual allegations, and therefore this Court need not hold an evidentiary hearing.

## D. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court recommends that no certificate of appealability be issued. Burton has not made a substantial showing of a denial of a constitutional right because both of his arguments are based on an inaccurate factual premise.

## CONCLUSION

The Court recommends that Burton's habeas petition be **DENIED** without an evidentiary hearing and that no certificate of appealability be issued. Upon being served with a copy of this report, the parties have 14 days to file any objections. *See* Fed. R. Civ. P. 72(b)(2). Upon being served with any objections, the party receiving such objections has 14 days to file any response. *See id.*

Dated: November 2, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge